UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANA WILCOX, | § § § | CIVIL ACTION NO. 1:19-cv-00362 |
| *Plaintiff,* | § § | |
| VS. | § § § | |
| RICHARD MARTIN, GREGORY SANSOM, and ORIGEN BIOMEDICAL, INC., | § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S COMPLAINT**

Comes now, DANA WILCOX ("**Plaintiff**"), and files this Complaint against RICHARD MARTIN, GREGORY SANSOM, and ORIGEN BIOMEDICAL, INC. ("**Origen**"), and alleges as follows:

### I. SUMMARY OF ACTION

1. Origen is a private Texas corporation, and the sponsor of an Employee Stock Ownership Plan (the "**ESOP**").

2. Plaintiff has been a participant in Origen's ESOP since the ESOP was adopted by Origen.

3. Origen's CEO, defendant Richard Martin ("**Martin**"), and Origen's CFO, defendant Gregory Sansom ("**Sansom**"), caused the ESOP to purchase shares of Origen stock from Martin in transactions that were procedurally and substantively unfair and unlawful.

1

4. Each of Martin and Sansom owed fiduciary duties which were breached when the complained-of transactions were affected and caused injury to Plaintiff and the ESOP. Origin, the ESOP sponsor and named fiduciary, had a duty to monitor Martin and Sansom.

5. Plaintiff brings this suit directly as an ESOP participant and derivatively on behalf of the ESOP.

## II.   PARTIES

6. Plaintiff Dana Wilcox is an individual residing in Travis County, Texas, and may be served through her counsel of record.

7. Defendant Richard Martin is an individual residing in Travis County, Texas who can be served with process at 7000 Burleson Road, Building D, Austin, Texas, 78744.

8. Defendant Gregory Sansom is an individual residing in Travis County, Texas who can be served with process at 7000 Burleson Road, Building D, Austin, Texas, 78744.

9. Defendant Origen Biomedical, Inc., is a Texas corporation that can be served with process through its registered agent, Richard Martin, at 7000 Burleson Road, Building D, Austin, Texas, 78744.

10. Martin, Sansom, and Origen are collectively the "**Defendants**."

## III.   JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the causes of action alleged herein arise under the Employee Retirement

Income Security Act of 1974 ("**ERISA**"), 29 U.S.C. § 1001, *et seq*. The Court has personal jurisdiction over the Defendants because they reside or are located in Travis County, Texas.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Western District of Texas.

## IV. FACTUAL BACKGROUND

### A. Defendants and Plaintiff

13. Origen is a privately-held Texas biomedical company with its headquarters in Travis County.

14. Defendant Martin is Origen's board chairman, president, and secretary. He is the sole member of the "Plan Committee" overseeing the ESOP and directing its trustee. Martin is also Origen's majority and controlling shareholder.

15. Defendant Sansom is Origen's CFO and the trustee of its ESOP (the "**Trustee**").

16. Plaintiff is the owner of more than 23,000 uncertificated shares of Origen stock held for her benefit by Origen's ESOP, according to records provided by Origen.

### B. Origen's ESOP

17. An ESOP creates a trust between a company and the assets held for the benefit of the ESOP participants. Here, that trust is referred to as Origen's ESOP. In 2015, Origen announced that it had adopted its ESOP.

18. ESOPs provide a tax-advantaged means of providing company employees with equity in the company.

19. Many companies use ESOPs to provide additional compensation to their employees in a tax-advantaged manner. Those ESOPs purchase the companies' treasury shares, or shares from former employees, at fair market value, and hold them beneficially for participants. At certain times, the participants can sell the shares, either into a ready market if the company is publicly traded, or back to the company itself.

20. At Origen, the ESOP's sole purpose was to provide liquidity for Martin's shares, and Martin controlled every ESOP transaction.

## C.     The ESOP Trustee

21. Origen appointed Greg Sansom, its CFO, as the ESOP's Trustee. The Trustee is an ESOP fiduciary. The Trustee is charged with holding and investing the ESOP's assets under the direction of the Plan Committee. Defendant Sansom served as the ESOP's Trustee during the period relevant to this action beginning in 2015.

## D.     Origen's Plan Committee

22. Origen's ESOP is administered by a Plan Committee.

23. Martin appointed himself the sole member of the Plan Committee. Like the Trustee and Origen itself, the Plan Committee is a "named fiduciary" of the ESOP.

24. As the Plan Committee, Martin is charged with selecting the appraiser of Origen's stock, determining the value of that stock, and directing the Trustee how to vote the ESOP's shares of Origen's stock, among other things. Together with the

Trustee, the Plan Committee decides what transactions the ESOP will undertake, and on what terms.

25. Accordingly, Martin can cause Origen's ESOP to purchase his shares, and to pay him the price he determines to be fair, while maintaining voting control of the shares.

**E.     The ESOP Purchases Martin's Shares**

26. On one or more occasions between 2015 and the present, Martin and Sansom caused and/or permitted Origen's ESOP to purchase shares of Origen stock from Martin.

27. Martin is both a "person in interest" under ERISA and a fiduciary with discretionary control over the Origen ESOP's assets. The purchases of Martin's stock were prohibited transactions under 29 U.S.C. § 1106(a). They also constituted prohibited self-dealing under 29 U.S.C. § 1106(b).

28. On information and belief, Martin caused the ESOP to pay him a price in excess of the fair market value of his Origen shares.

29. On information and belief, none of the Defendants performed a prudent investigation into the value of Martin's shares or the lawfulness of purchasing them, consistent with their fiduciary obligations, or Defendants were otherwise too conflicted to perform such investigations.

**F.     Origen Attempts to Purchase Plaintiff's ESOP Shares**

30. Because Origen is a private company, there is no ready market for the sale of its shares. In fact, the only certain buyer of Origen's shares is Origen itself.

The ESOP's terms provide that Origen has a right of first refusal to purchase shares held by the ESOP.

31. The ESOP's terms also provide that participants have a right to sell their ESOP shares to Origen at a fair market price determined by an independent appraiser.

32. Origen offered to purchase all of Plaintiff's ESOP shares for a per-share price that did not reflect Origen's fair market value but was instead materially lower. This was a violation of 29 U.S.C. § 1104(a)(1)(D) because the ESOP's terms required a fair market purchase price.

### G. Duties Owed by ERISA Fiduciaries

33. ERISA and the ESOP's terms provide that each of Martin, Sansom, and Origen are fiduciaries of the ESOP and its participants.

34. As fiduciaries, Martin and Sansom owed duties of care, loyalty, and prudence, and had to make all ESOP-related decisions solely in the interests of the ESOP participants. Origen, the ESOP's sponsor, had a duty to monitor Sansom and Martin. These duties are often described by courts as the highest known to law.

35. As shown herein, Defendants repeatedly breached their fiduciary duties.

### H. The Doctrine of Exhaustion is Inapplicable

36. Plaintiff has no obligation to pursue administrative remedies regarding Origen's ESOP prior to filing this action. To the extent that she has such an obligation, it is waived or otherwise inapplicable because it would be futile.

37. The individual defendants in this action are the fiduciaries and supervisors of the ESOP and are wholly conflicted and incapable of remedying the wrongdoing complained of herein.

## V. CAUSES OF ACTION

### A. 29 U.S.C. § 1132(a)(2)

38. The foregoing paragraphs are incorporated herein by reference.

39. Each of Defendants owed the ESOP and/or its participants fiduciary duties under ERISA.

40. As shown herein, Defendants breached their fiduciary duties, causing the ESOP to suffer losses, and Defendants are liable to the ESOP for the same pursuant to 29 U.S.C. § 1109(a).

41. Without limitation, Defendants' fiduciary breaches include (a) causing or permitting the ESOP to purchase Martin's shares; (b) failing to prudently investigate the value of those shares, (c) failing to prudently investigate the legality of purchasing Martin's shares; and (d) failing to prudently manage the ESOP.

42. Each of Defendants is jointly liable for the others' breaches pursuant to 29 U.S.C. § 1105. Origen is also liable for its failure to properly monitor the Plan Committee and Trustee.

### B. 29 U.S.C. § 1132(a)(3)

43. The foregoing paragraphs are incorporated herein by reference.

44. Each of the Defendants owed Plaintiff fiduciary duties as an ESOP participant. As shown herein, Defendants breached those fiduciary duties, causing Plaintiff injury, and Plaintiff is entitled to equitable relief for the same.

45. Without limitation, Defendants' fiduciary breaches include (a) causing or permitting the ESOP to purchase Martin's shares; (b) failing to lawfully investigate the value of those shares; (c) failing to investigate the legality of purchasing Martin's shares; and (d) attempting to purchase Plaintiff's ESOP shares at a price less than fair market value.

### C.     29 U.S.C. § 1132(a)(1)(B)

46. The foregoing paragraphs are incorporated herein by reference.

47. Per the ESOP's terms, Plaintiff has the right to sell her ESOP shares to Origen at fair market value. Plaintiff wants to enforce this right.

48. Plaintiff seeks an order directing Origen to obtain an independent appraisal of the fair market value of its shares, overseen by the Court.

## VI.  REMEDIES

### A.     Damages

49. Derivatively, Plaintiff seeks damages for the ESOP's losses caused by Defendants' wrongdoings as ESOP fiduciaries.

### B.     Equitable Restitution

50. Derivatively, Plaintiff seeks an order directing Defendants to provide restitution to the ESOP in an amount to be proven at trial.

51. Plaintiff seeks an order directing Defendants to provide restitution to Plaintiff in an amount to be proven at trial.

**C.  Rescission**

52. Derivatively, Plaintiff seeks an order rescinding all prior sales of Martin's Origen stock to the ESOP.

**D.  Injunctive Relief**

53. Plaintiff seeks an order directing Origen to obtain an independent appraisal of the fair market value of its shares, overseen by the Court.

54. Individually and derivatively, Plaintiff seeks an order directing Martin and Sansom from their roles as fiduciaries of the ESOP and enjoin them from serving as fiduciaries of any ERISA-covered plan for a reasonable period.

**E.  Costs and Attorneys' Fees**

55. Plaintiff seeks her costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), the corporate-benefit doctrine, the common-fund doctrine, and any other applicable law or equity.

## VII. SERVICE ON CABINET SECRETARIES

56. Pursuant to 29 U.S.C. § 1132(h), a copy of this complaint will be served on the Secretary of Labor and the Secretary of the Treasury.

## VIII.  PRAYER

For the foregoing reasons, Plaintiff prays that the Court find Defendants liable under the causes of action alleged herein, grant the remedies requested herein, and grant Plaintiff and the ESOP any other relief to which they are justly entitled.

DATED this 28th day of March 2019.

          Respectfully submitted,

          **BROPHY EDMUNDSON**
          **SHELTON & WEISS PLLC**

          By: */s/ Jesse Z Weiss*
          Jesse Z. Weiss
          State Bar No. 24013728
          jesse@beswlaw.com
          Ryan T. Shelton
          State Bar No. 24037484
          ryans@beswlaw.com
          210 Barton Springs Rd, Ste 500
          Austin, TX 78704
          Telephone:   (512) 596-3622
          Facsimile:    (512) 532-6637

          **ATTORNEYS FOR PLAINTIFF**